# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **JOHN H. GLOVIER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No.1:17CV00038 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | By: James P. Jones |
| **ACTING COMMISSIONER** | ) | United States District Judge |
| **OF SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Lewey K. Lee, The Lee Law Firm of Wise, P.C., Wise, Virginia, for Plaintiff; Theresa A. Casey, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security disability case, I affirm the final decision of the Acting Commissioner.

The plaintiff filed this action challenging the final decision of the Acting Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for a period of disability and disability insurance benefits under title II of the Social Security Act, 42 U.S.C. §§ 401–433. Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g).

1

My review is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.*

The plaintiff protectively applied for benefits on April 30, 2013, alleging disability since April 17, 2013, and received a hearing before an administrative law judge ("ALJ") on June 3, 2016. By decision dated July 13, 2016, the ALJ found that the plaintiff was not disabled within the meaning of the Act. The Social Security Administration's Appeals Council denied review, and the ALJ's opinion constitutes the final decision of the Commissioner.

The parties have briefed the issues, and the case is now ripe for decision.

The Commissioner applies a five-step sequential evaluation process in assessing an applicant's disability claim. The Commissioner considers, in sequence, whether the claimant: (1) worked during the alleged period of disability, (2) had a severe impairment, (3) had a condition which met or equaled the severity of

a listed impairment, (4) could return to his past relevant work, and (5) if not, whether he could perform other work in the national economy. If a decision can be reached at any step, further evaluation is unnecessary. 20 C.F.R. § 404.1520(a)(4). Under the Act, it is always a claimant's burden to provide evidence of disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); 20 C.F.R. § 404.1512. In order to carry this burden, there must be a physical or mental impairment that results from anatomical, physiological, or psychological abnormalities demonstrated by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

Based upon the evidence, the ALJ determined that the plaintiff is unable to return to past relevant work, but has the residual functional capacity to perform work, as defined in the regulations. Based upon the testimony of a vocational expert, the ALJ found that there existed a significant number of jobs in the national economy that the plaintiff could perform.

The plaintiff makes two arguments in this appeal of the Commissioner's decision. The plaintiff served in the military from 1988 to 1995 and receives disability benefits from the U.S. Department of Veterans Affairs (VA), based on degenerative conditions of his knees and lumbar and cervical spine. The plaintiff first argues that the ALJ failed to give appropriate weight to the VA's disability

rating.  In considering the plaintiff's ability to work, the ALJ was required to give substantial weight to a VA disability rating.  *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 345 (4th Cir. 2012).  "However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate."  *Id.* at 343.  In this case, the ALJ discussed the VA disability rating at length and in detail.  R. at 22-24, ECF No. 6-1.  He further adequately explained why the VA's rating did not justify a finding of disability under the Social Security Act.  *Id.*

The plaintiff's attorney arranged a mental health examination of the plaintiff by B. Wayne Lanthorn, Ph.D., a licensed clinical psychologist, who found the plaintiff to be suffering from major depressive disorder and panic disorder.  The plaintiff next argues that the ALJ erred in failing to give full consideration to the findings of Dr. Lanthorn on the severity of the plaintiff's mental impairments and the resulting effects on his ability to work.  I disagree.  I find that the ALJ's explanation for not crediting Dr. Lanthorn's opinions was sufficient.  For example, among other things, the ALJ pointed to the fact that Dr. Lanthorn was not a treating source and saw the plaintiff only once; that the plaintiff saw his treating mental

4

health professional more frequently, and that his consistent statements to these sources were more reliable; and that the wide discrepancies between the plaintiff's accounts of his symptoms to Dr. Lanthorn and to his other treating practitioners cast doubt on the plaintiff's credibility.

After careful consideration of the record and the briefs of the parties, I find that the decision of the Commissioner denying benefits must be affirmed.

For the foregoing reasons, the Commissioner's Motion for Summary Judgment is GRANTED and the plaintiff's Motion for Summary Judgment is DENIED. Judgment will be entered affirming the Commissioner's decision denying benefits.

It is so **ORDERED**.

ENTER: March 28, 2019

/s/ JAMES P. JONES
United States District Judge